# CIVIL COVER SHEET

[The JS 44] cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as [provided by] local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the [purpose of] initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**PLAINTIFFS**
MELANIE INGRAM

**DEFENDANTS**
EXETER TOWNSHIP POLICE, ET AL

**(b)** County of Residence of First Listed Plaintiff ______
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant ______
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
JEFFREY M. ROSENBAUM, ESQ., ROSENBAUM & ASSOC., 1818 MARKET ST., STE 3200, PHILA., PA

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☒ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit (15 USC 1681 or 1692)
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
42 u.s.c. 1983

Brief description of cause:
CIVIL RIGHTS/ASSAULT

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*: JUDGE ______ DOCKET NUMBER ______

DATE 9/29/26

SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DESIGNATION FORM

of Accident, Incident, or Transaction: 2302 Orchard View Road, Exeter Twp., PA

***RELATED CASE IF ANY:*** Case Number:__________________ Judge:__________________________

1. Does this case involve property included in an earlier numbered suit? Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

**Civil Litigation Categories**

***A. Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☐ 9. Labor-Management Relations
- ☒ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief ***see certification below***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:____________________

***B. Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify)*:____________
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*____________

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☐ **does not** have implications beyond the parties before the court and ☐ **does** / ☐ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

JEFFREY M. ROSENBAUM, ESQUIRE
1818 Market Street, Suite 3200
Philadelphia, PA 19103
(215)569-0200

| | |
|---|---|
| MELANIE INGRAM<br>14 Maple Terrace<br>Stanhope, NJ 07874<br><br>Plaintiff<br>vs.<br><br>EXETER TOWNSHIP POLICE DEPARTMENT<br>4975 DeMoss Road<br>Reading, PA 19601<br>and<br>TOWNSHIP OF EXETER<br>4975 DeMoss Road<br>Reading, PA 19601<br>and<br>JOHN DOE POLICE OFFICER NO. 1, individually<br>4975 DeMoss Road<br>Reading, PA 19601<br>and<br>JOHN DOE POLICE OFFICER NO. 2, individually<br>4975 DeMoss Road<br>Reading, PA 19601<br>Defendants | : MAJOR JURY DEMAND<br><br>: NO. |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Melanie Ingram, by and through her undersigned counsel, brings this civil rights action pursuant to 42 U.S.C. § 1983 and Pennsylvania law against Defendants, Exeter Township Police Department, Township of Exeter, John Doe Police Officer No. 1 and John Doe Police Officer No. 2, and avers as follows:

## INTRODUCTION

1. This civil rights action arises from the use of unnecessary and excessive physical force by police officers employed by Exeter Township against Plaintiff Melanie Ingram on September 30, 2025.

2. Plaintiff was speaking with police officers concerning her desire to see her daughter, who was located inside a residence, when two Exeter Township police officers suddenly approached Plaintiff from behind and grabbed her arms.

3. One of the officers forcefully pulled and twisted Plaintiff's arm behind her back with such force that Plaintiff sustained a serious fracture and/or other serious injury to her arm.

4. Plaintiff immediately screamed in severe pain that her arm was broken.

5. Plaintiff's arm was injured and broken as a result of the force applied to it by the Defendant officer.

6. At the time the force was used, Plaintiff was not attacking the officers, was not armed, and did not pose an immediate physical threat requiring the degree of force used against her.

7. Plaintiff brings this action to recover damages for the violation of her constitutional rights and for the serious physical and emotional injuries caused by Defendants' conduct.

## II. JURISDICTION AND VENUE

8. This action arises under the Constitution and laws of the United States, including the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

9. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

10. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's Pennsylvania common-law claims because those claims arise from the same case or controversy as Plaintiff's federal constitutional claims.

11. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391 because Defendants reside and/or perform their official duties within this District and all or substantially all of the events giving rise to Plaintiff's claims occurred within this District.

12. More specifically, the events giving rise to this action occurred in Exeter Township, Berks County, Pennsylvania, which is located within the Eastern District of Pennsylvania.

## III. PARTIES

13. Plaintiff Melanie Ingram is an adult individual.

14. Defendant, Exeter Township Police Department, is a municipal entity organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business at 4975 DeMoss Road. Reading, PA 19601.

15. Defendant, Township of Exeter, is a municipal entity organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business at 4975 DeMoss Road. Reading, PA 19601.

16. Defendant John Doe Police Officer No. 1 is an adult individual whose identity is presently unknown to Plaintiff.

17. At all times relevant hereto, Officer No. 1 was employed as a police officer by Exeter Township and the Exeter Township Police Department.

18. Defendant John Doe Police Officer No. 2 is an adult individual whose identity is presently unknown to Plaintiff.

19. At all times relevant hereto, Officer No. 2 was employed as a police officer by Exeter Township and the Exeter Township Police Department.

20. At all relevant times, Defendants were acting under color of state law, including the statutes, ordinances, regulations, customs and usages of the Commonwealth of Pennsylvania and Exeter Township.

21. Defendants were clothed with the authority of Pennsylvania law and purported to exercise their official authority as Exeter Township police officers during the incident described herein.

22. The actual names of the Defendant officers are presently unknown to Plaintiff.

23. Their identities are known to Exeter Township and/or readily ascertainable through the police incident reports, body-worn-camera recordings, dispatch records, personnel records, discovery and other records maintained by Exeter Township.

24. Plaintiff will seek leave to amend this Complaint to substitute the Defendant officers' actual names promptly upon learning their identities.

## IV. FACTUAL ALLEGATIONS

25. On September 30, 2025, Plaintiff Melanie Ingram was lawfully present at or near the premises located at 2302 Orchard View Road, Exeter Township, Pennsylvania.

26. Officers of the Exeter Township Police Department were present at the premises.

27. Plaintiff's daughter was located inside the residence.

28. Plaintiff was attempting to see and/or speak with her daughter.

29. Plaintiff was upset and was speaking to police officers concerning her desire to see her daughter.

30. Plaintiff was not physically attacking any police officer.

31. Plaintiff was not armed with a weapon.

32. Plaintiff did not threaten the officers with physical harm.

33. Plaintiff did not pose an immediate threat of serious physical harm to the officers or any other person.

34. While Plaintiff was speaking to the police officers positioned in front of her, Defendants John Doe Police Officers Nos. 1 and 2 approached Plaintiff from behind.

35. Without adequate warning, the Defendant officers suddenly and forcibly grabbed Plaintiff by her arms.

36. One of the Defendant officers then forcefully pulled and twisted Plaintiff's arm behind her back.

37. The officer exerted substantial force upon Plaintiff's arm in an attempt to force the arm behind Plaintiff's back.

38. The amount of force applied to Plaintiff's arm was unnecessary and excessive under the circumstances.

39. While the Defendant officer was forcefully pulling and twisting Plaintiff's arm behind her back, Plaintiff sustained a serious injury to the arm, including, but not limited to a displaced humeral fracture requiring an ORIF.

40. Plaintiff immediately screamed that her arm was broken.

41. Plaintiff's arm was injured by the physical force being exerted upon it by the Defendant officer.

42. Plaintiff's injury was therefore directly and proximately caused by the force exerted upon her by one or more of the Defendant officers.

43. At no time did Plaintiff engage in conduct requiring the degree of physical force employed against her.

44. Plaintiff did not attempt to strike or otherwise physically injure either Defendant.

45. Plaintiff did not pose an immediate threat requiring the officers to forcefully pull and twist her arm behind her back with sufficient force to cause serious injury.

46. Less forceful means of controlling, restraining and/or communicating with Plaintiff were available to the Defendant officers.

47. The nature and degree of force used against Plaintiff were disproportionate to any legitimate governmental or law-enforcement objective.

48. The Defendant officers intentionally grabbed and physically restrained Plaintiff.

49. The Defendant officers who pulled Plaintiff's arm intentionally performed the physical acts of pulling and twisting Plaintiff's arm behind her back.

50. The Defendant officers knew the nature and degree of physical force they were applying to Plaintiff.

51. The Defendant officers knew or should have known that the force being applied created a substantial risk of serious physical injury.

52. Under the totality of the circumstances, the amount and manner of force used against Plaintiff were objectively unreasonable.

53. As a direct and proximate result of Defendants' conduct, Plaintiff sustained serious physical injuries, including a fracture and/or other serious injury to her arm.

54. Plaintiff required medical treatment as a result of the injuries caused by Defendants.

55. Plaintiff has experienced and continues to experience physical pain, limitations and disability as a result of her injuries.

56. Plaintiff has also suffered emotional distress, embarrassment, humiliation, inconvenience, loss of life's pleasures and other damages.

57. Plaintiff has incurred and/or will incur medical expenses and other economic losses.

58. Plaintiff's injuries are permanent in nature.

## COUNT I

### 42 U.S.C. § 1983 – EXCESSIVE FORCE
### Fourth Amendment

### Plaintiff v. All Defendants

59. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

60. At all times relevant hereto, Defendants acted under color of state law.

61. The Fourth Amendment to the United States Constitution protects individuals from unreasonable seizures, including the use of objectively unreasonable and excessive force by law-enforcement officers.

62. Defendants seized Plaintiff within the meaning of the Fourth Amendment when they approached her from behind, grabbed her arms and physically restrained her.

63. The amount of force reasonably permissible during a seizure depends upon the totality of the circumstances confronting the officers.

64. At the time Defendants seized Plaintiff, she was not armed.

65. Plaintiff was not physically attacking the Defendant officers.

66. Plaintiff did not present an immediate threat of serious physical harm to the officers or others.

67. Notwithstanding the absence of a threat requiring substantial physical force, Defendants seized Plaintiff from behind and one or more Defendants forcefully pulled and twisted Plaintiff's arm behind her back.

68. The force was applied with sufficient severity to cause a serious fracture and/or other serious injury to Plaintiff's arm.

69. The amount and manner of force used against Plaintiff were objectively unreasonable in light of the facts and circumstances confronting Defendants.

70. A reasonable police officer under the circumstances would have understood that the degree of force used against Plaintiff was unnecessary and excessive.

71. Defendants' use of excessive force constituted an unreasonable seizure in violation of Plaintiff's rights secured by the Fourth Amendment to the United States Constitution.

72. Defendants' conduct was a direct and proximate cause of Plaintiff's injuries and damages.

73. Defendants acted intentionally, recklessly, wantonly and/or with reckless or callous disregard for Plaintiff's federally protected rights.

WHEREFORE, Plaintiff Melanie Ingram demands judgment in her favor and against Defendants, Exeter Township Police Department, Township of Exeter and John Doe Police Officers Nos. 1 and 2 for:

a. compensatory damages;

b. punitive damages;

c. reasonable attorney's fees pursuant to 42 U.S.C. § 1988;

d. costs of suit;

e. pre- and post-judgment interest to the extent permitted by law; and

f. such other legal and equitable relief as the Court deems just and appropriate.

**COUNT II**

**42 U.S.C. § 1983 – FAILURE TO INTERVENE**

**Plaintiff v. All Defendants**

74. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

75. Plaintiff presently lacks information sufficient to determine which Defendant officer personally applied the force that caused the serious injury to her arm.

76. Plaintiff therefore pleads this claim in the alternative as permitted by Federal Rule of Civil Procedure 8.

77. To the extent that one Defendant officer personally applied the excessive force that injured Plaintiff, the other Defendant officer was present during the incident.

78. A law-enforcement officer who observes another officer violating an individual's constitutional rights through the use of excessive force and who possesses a realistic and reasonable opportunity to intervene has a duty to take reasonable steps to protect the individual from such force.

79. To the extent discovery establishes that either Defendant observed the unconstitutional use of force against Plaintiff and had a realistic and reasonable opportunity to intervene to prevent or terminate that force, that Defendant failed to do so.

80. Such failure to intervene caused and/or contributed to the violation of Plaintiff's constitutional rights and her resulting injuries and damages.

81. Defendants' conduct was intentional, reckless, wanton and/or undertaken with reckless or callous disregard for Plaintiff's federally protected rights.

***WHEREFORE,*** Plaintiff Melanie Ingram demands judgment demands judgment against the appropriate Defendants for compensatory damages, punitive damages, reasonable attorney's fees pursuant to 42 U.S.C. § 1988, costs, interest and such other relief as the Court deems appropriate.

**COUNT III**

**ASSAULT**

**Pennsylvania Common Law**

**Plaintiff v. All Defendants**

82. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

83. Defendants intentionally approached Plaintiff from behind and suddenly and forcibly seized her.

84. Defendants' intentional conduct placed Plaintiff in imminent apprehension of harmful and offensive physical contact.

85. Defendants possessed the present ability to carry out such harmful and offensive physical contact and, in fact, did so.

86. Plaintiff did not consent to the harmful or offensive contact.

87. The amount and manner of force threatened and used against Plaintiff were unnecessary, unreasonable and excessive under the circumstances.

88. To the extent Defendants possessed any privilege to restrain Plaintiff, the amount and manner of force employed exceeded the permissible scope of any such privilege.

89. Defendants intentionally engaged in the conduct described herein.

90. Defendants' conduct was intentional, malicious, wanton and/or constituted willful misconduct within the meaning of 42 Pa.C.S. § 8550 to the extent established by the evidence.

91. As a direct and proximate result of Defendants' conduct, Plaintiff sustained the injuries and damages described herein.

***WHEREFORE,*** Plaintiff Melanie Ingram demands judgment against Defendants, Exeter Township Police Department, Township of Exeter and John Doe Police Officers Nos. 1 and 2 for compensatory damages, punitive damages, costs, interest and such other relief as the Court deems appropriate.

**COUNT IV**

**BATTERY**

**Pennsylvania Common Law**

**Plaintiff v. All Defendants**

92. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

93. Defendants intentionally caused harmful and offensive physical contact with Plaintiff by approaching her from behind, grabbing her arms and physically restraining her.

94. One or more Defendants intentionally and forcefully pulled and twisted Plaintiff's arm behind her back.

95. Plaintiff did not consent to the harmful and offensive physical contact.

96. The amount and manner of force used against Plaintiff were unnecessary, unreasonable and excessive under the circumstances.

97. To the extent Defendants possessed a privilege to use reasonable force to restrain Plaintiff, Defendants exceeded the scope of that privilege by employing unnecessary and excessive force.

98. Defendants intentionally performed the physical acts that resulted in Plaintiff's injury.

99. The force applied directly to Plaintiff's arm caused her serious arm injury.

100. Defendants' conduct was intentional, malicious, wanton and/or constituted willful misconduct within the meaning of 42 Pa.C.S. § 8550 to the extent established by the evidence.

101. Defendants' conduct directly and proximately caused Plaintiff's injuries and damages.

***WHEREFORE,*** Plaintiff Melanie Ingram demands judgment against Defendants, Exeter Township Police Department, Township of Exeter and John Doe Police Officers Nos. 1 and 2 for compensatory damages, punitive damages, costs, interest and such other relief as the Court deems appropriate.

## V. DAMAGES

102. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and may continue to suffer:

a. severe physical injuries, including a fracture and/or serious injury to her arm;

b. physical pain and suffering;

c. permanent physical impairment and disability;

d. scarring and/or disfigurement, if established by the evidence;

e. emotional and psychological distress;

f. embarrassment and humiliation;

g. inconvenience;

h. loss of enjoyment and pleasures of life;

i. past and future medical and related expenses;

j. lost earnings and/or impairment of earning capacity, if established by the evidence; and,

k. such additional damages as may be established through discovery and at trial.

## VI. PUNITIVE DAMAGES

103. The individual Defendants' conduct was intentional, malicious, reckless, wanton and/or undertaken with reckless or callous indifference to Plaintiff's federally protected rights and physical safety.

104. Plaintiff therefore seeks punitive damages against the individual Defendant officers pursuant to federal and Pennsylvania law to the extent permitted.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Melanie Ingram respectfully requests that this Court enter judgment in her favor and against Defendants and award:

A. compensatory damages in an amount to be determined by a jury;

B. punitive damages against the individual Defendants;

C. reasonable attorney's fees pursuant to 42 U.S.C. § 1988;

D. costs of suit;

E. pre-judgment and post-judgment interest to the extent permitted by law; and

F. such other legal and equitable relief as the Court deems just and appropriate.

ROSENBAUM AND ASSOCIATES, P.C.

By:____________________________________________

JEFFREY M. ROSENBAUM, ESQUIRE
Attorney for Plaintiff

DATE: